

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| ALLEN LEE DAVIS,<br>   Plaintiff, | §<br>§<br>§ |
| vs. | §   CIVIL ACTION NO. 9:08-1805-HFF-BM |
| | § |
| GREENWOOD COUNTY DETENTION<br>CENTER, MAJOR PHILLIP C. ANDERSON,<br>and HONORABLE JUDGE SANDERS,<br>   Defendants. | §<br>§<br>§<br>§ |

# ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the complaint be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 11, 2008, and the Clerk of Court entered Plaintiff's objections to the Report on June 17, 2008.

In his objections to the Magistrate Judge's Report, Plaintiff argues that he is entitled to greater privacy rights than the Magistrate Judge would accord him because he is not an inmate, but rather a pre-trial detainee. (Pl.'s Objections 1.) As a pre-trial detainee, Plaintiff argues, without citing any authority, that Defendants violated his right to privacy by housing him in a special unit because of his HIV status. (Pl.'s Objections 1-2.) Plaintiff does not complain about the treatment he is receiving in the special housing unit, but instead argues that his special treatment "opens the door to speculations and subsequently revealing [his] health status." (Pl.'s Objections 1.)

Although Plaintiff has not cited any authority supporting his contention that pre-trial detainees are entitled to greater constitutional protections that regular inmates, because he is proceeding pro se, the Court has liberally construed his argument. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (noting that allegations in prisoner complaints are held to less stringent standards than those prepared by lawyers). As a starting point, "the practice of segregating HIV positive *inmates* is within the wide deference afforded prison administrators and it is reasonably related to legitimate penological interests." *Bowman v. Beasley*, No. 00-7505, 2001 U.S. App. LEXIS 7675 at *3-4 (4th Cir. 2001) (citations omitted) (emphasis added). The issue before the Court, however, is whether prison administrators are still entitled to deference when dealing with pre-trial detainees who are HIV positive.

After considering the body of case law addressing the constitutional rights of pre-trial detainees, the Court finds that Plaintiff's rights were not violated when he was placed in a special housing unit because he had HIV. The Supreme Court has observed, "Given the realities of

2

institutional confinement any reasonable expectation of privacy that a detainee retained necessarily would be of diminished scope." *Bell v. Wolfish*, 441 U.S. 520, 557 (1979). The Supreme Court has also noted,

> [U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law . . . [However,] the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into punishment . . . . Thus, if a particular condition or restriction is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment."

*Id.* at 535-540. As discussed above, the practice of segregating HIV positive inmates is reasonably related to a legitimate governmental objective. *See Bowman* at *3-4. Therefore, the Defendants' treatment of Plaintiff does not rise to the level of unconstitutional "punishment."

Additionally, Plaintiff has failed to allege facts sufficient to state a violation of his right to privacy. He does not contend that medical personnel at the jail disclosed his HIV status to others. *See Woods v. White*, 689 F. Supp. 874 (W.D. Wisc. 1988) (holding that there is a constitutional right to privacy in one's medical records, including one's status as a person with HIV) *But see Anderson v. Romero*, 72 F.3d 518, 523 (7th Cir. 1995) ("We cannot find any appellate holding that prisoners have a constitutional right to the confidentiality of their medical records."). In fact, Plaintiff admits that the Greenwood County Detention Center does not even test detainees for HIV. (Pl.'s Objections 1.) Instead, his only concern is that his medical condition may "subsequently" be revealed. (Pl.'s Objections 1.) Such concerns do not rise to the level of a constitutional violation. *See Muhammad v. Carlson*, 845 F.2d 175, 178 (8th Cir. 1988) (finding no constitutional violation where HIV positive inmate was transferred to more restrictive quarters).

As noted by the Magistrate Judge, Greenwood County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. (Report and Recommendations 2.) As the Magistrate Judge also correctly noted, Judge Sanders is similarly entitled to summary dismissal because he is absolutely immune from suit for damages arising out of his judicial actions. (Report and Recommendations 3.) As to the remaining Defendants, Plaintiff has failed to establish that their conduct violated a clearly established constitutional or statutory right, which would remove their veil of qualified immunity. *See Korb v. Lehman*, 919 F.2d 243, 246 (4th Cir. 1990) (noting that government officials generally have qualified immunity from liability for damages when their conduct does not violate clearly established constitutional or statutory rights of which a reasonable person would have known). Therefore, Plaintiff's right to privacy objection is without merit. Furthermore, Plaintiff's remaining objections are without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the complaint be **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 29th day of September, 2008, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

4

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.